ie Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3957 | DATE | October 28, 2004 |
| CASE TITLE | Jackson v. Ashcroft, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
10) ■ [Other docket entry] Plaintiff's Motion to Stay Proceedings is granted in part. Defendants' Motion to Dismiss is granted. Plaintiff is given leave to file a Third Amended Complaint within 60 days of this Order, provided Plaintiff can do so consistent with Fed. R. Civ. P. 11. Furthermore, Plaintiff is given 30 days from the filing of the Third Amended Complaint, if filed, to properly serve Defendants. Enter Memorandum Opinion and Order.

11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| No notices required, advised in open court. | | Document Number |
| No notices required. | number of notices | |
| Notices mailed by judge's staff. | OCT 29 2004 | |
| Notified counsel by telephone. | date docketed | |
| X Docketing to mail notices. | | 41 |
| Mail AO 450 form. | docketing deputy initials | |
| Copy to judge/magistrate judge. | | |
| courtroom deputy's initials | 2004 OCT 28 PM 2:51 U.S. DISTRICT COURT | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TALMITCH JACKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| JOHN ASHCROFT, Attorney General; DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; STEVEN L. POMERANTZ; DILBERT N. DILLBECK; DAVID CRANE; WILLIAM E. COLOMBELL; JOSEPH CALVIN JACKSON; ALAN J. MEDINA; and JAMES H. MANN, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No: 02 C 3957<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

In June 2002, Plaintiff filed his first Complaint. In response to Defendants' Motion to Dismiss, Plaintiff sought, and received, leave to file an Amended Complaint in July 2003. In November 2003, Plaintiff filed his First Amended Complaint. In January 2004, Plaintiff was given leave to file a Second Amended Complaint. In June 2004, Plaintiff filed his Second Amended Complaint. Defendants move to dismiss Plaintiff's Second Amended Complaint on multiple grounds.

Defendants argue that Plaintiff's Second Amended Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8(a) and 10.

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires that the

title of the complaint include the names of all of the parties and that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b), (c). Failure to comply with the pleading requirements of the Federal Rules of Civil Procedure may result in dismissal of the complaint. A complaint that is unintelligible because of lack of clarity may be dismissed under Fed. R. Civ. P. 8(a). *See Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (*Lockheed-Martin*) (affirming dismissal of complaint with prejudice following plaintiff's filing two amended complaints and a more definite statement which failed to make complaint discernable). "Rule 8(a) requires parties to make their pleadings straightforward . . . . Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies, the few allegations that matter." *Lockheed-Martin*, 328 F.3d at 378.

Plaintiff's 90-page Second Amended Complaint consists of 304 numbered paragraphs, many of which contain sub and sub-sub paragraphs. In addition, Plaintiff attaches and incorporates into the Second Amended Complaint over 700 pages of exhibits. In the caption of the Notice of Filing for the Second Amended Complaint, Plaintiff identifies nine defendants by name and includes "et. al." The caption of the Second Amended Complaint includes the names of the defendants listed in the Notice of Filing and a new defendant, James H. Mann. In the "Parties" section of the Second Amended Complaint, Plaintiff identifies ten defendants. None of the aforementioned include Assistant United States Attorney Jonathan Haile as a defendant. However, Count IV-B of Plaintiff's Second Amended Complaint, in its title and body, alleges that Haile violated Plaintiff's privacy in violation of 5 U.S.C. § 552. Furthermore, numerous paragraphs of the Second Amended Complaint allege conduct by "defendant" and/or "defendants" without any indication which defendant or defendants engaged in such conduct.

2

In light of the mere mass of facts and the failure to properly identify the Defendants in the Second Amended Complaint, the Second Amended Complaint is indiscernable. The Second Amended Complaint fails to notify the Defendants of the principal events to allow the Defendants to answer the Second Amended Complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (allegations should be "short and plain," and are sufficient if they notify the defendant of the principal events). Accordingly, Plaintiff's Second Amended Complaint is dismissed without prejudice.

Defendants also move to dismiss the case in light of Plaintiff's lack of proper service.

Pursuant to Federal Rule of Civil Procedure 4(m), service of the complaint and summons is to be made within 120 days after the filing of the complaint. In this case, Plaintiff filed his first Complaint on June 3, 2002. Summons did not issue on the Complaint until February 10, 2003; and Plaintiff has not filed any proof of service.

If the 120-day time period is not met, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Furthermore, if the plaintiff cannot show good cause for the defect in service, the court still has discretion to direct that service be effected within a specified time. *See Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Plaintiff argues that he has attempted to timely serve Defendants and that he relied upon appointed counsel's statements that the Defendants had been properly served. While Plaintiff's claimed reasons for not effecting service are questionable, the Court finds that an extension of

time to effect service is proper in the present case. *See Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. April 1, 2003); *Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. June 20, 2002) (both allowing extension of time to effect service in light of plaintiff's *pro se* status and timely attempt of service).

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff is given leave to file a Third Amended Complaint within 60 days of this Order, provided Plaintiff can do so consistent with Fed. R. Civ. P. 11. Furthermore, Plaintiff is given 30 days from the filing of the Third Amended Complaint, if filed, to properly serve Defendants.

Dated: 10-28-04

JOHN W. DARRAH
United States District Judge