# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TALMITCH JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION; ) <br> DEPARTMENT OF JUSTICE; ) <br> JOHN ASHCROFT, U.S. Attorney General; ) <br> STEVEN L. POMERANTZ; ) <br> DILBERT N. DILLBECK; DAVID CRANE; ) <br> WILLIAM E. COLOMBELL; ) <br> JOSEPH C. JACKSON; ) <br> JONATHAN C. HAILE; DONALD A. FLYNN; ) <br> ALAN J. MEDINA; and ) <br> JAMES H. MANN, et al., ) <br> ) <br> Defendants. ) | No: 02 C 3957 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

In June 2002, Plaintiff filed a Complaint, *pro se*. In April 2003, Defendants moved to dismiss Plaintiff's Complaint. In response to Defendants' Motion to Dismiss, Plaintiff sought, and received, leave to file an Amended Complaint by August 28, 2003. On August 26, 2003, Plaintiff moved for an extension of time to file the amended complaint. On August 28, 2003, the Court granted Plaintiff's motion, granting Plaintiff until September 26, 2003, to file the amended complaint. On September 29, 2003, Plaintiff again moved to file the amended complaint *instanter* because of the missed deadline. The Court granted Plaintiff's motion; however, Plaintiff did not file his *pro se* First Amended Complaint until November 2003.

In January 2004, Plaintiff was given leave to file a Second Amended Complaint. In June 2004, Plaintiff filed his Second Amended Complaint, *pro se*. Subsequently, Defendants moved to dismiss the Second Amended Complaint. In October 2004, the Court granted Defendants' Motion to Dismiss, finding that Plaintiff's Second Amended Complaint failed to comply with Federal Rule of Civil Procedure 8(a). The Court also granted Plaintiff thirty days to file a third amended complaint if he could do so consistent with Fed. R. Civ. P. 11. Plaintiff failed to file a third amended complaint, and the case was dismissed in January 2005.

Plaintiff moved to vacate the January 2005 dismissal and sought leave to file a third amended complaint. In February 2005, Plaintiff filed, *pro se*, his Third Amended Complaint. Defendants again moved to dismiss Plaintiff's Third Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8(a). In April and May 2004, the Court granted Plaintiff's motions for extension of time to respond to Defendants' Motion to Dismiss. In July 2005, the Court granted Defendants' Motion to Dismiss, finding that Plaintiff's Third Amended Complaint still failed to comply with Federal Rule of Civil Procedure 8(a). The Court granted Plaintiff thirty days to file a fourth amended complaint if he could do so consistent with Fed. R. Civ. P. 8(a) and 11. The Court also indicated that Plaintiff's continued failure to comply with Rule 8(a) may result in dismissal of Plaintiff's future amended complaint with prejudice.

In August and September 2005, the Court granted Plaintiff's motions for extension of time to file an amended complaint. Plaintiff was given leave to file the amended complaint on or before September 9, 2005. Plaintiff did not file a fourth amended complaint and did not move for an extension of time to file such a complaint on or before September 9, 2005. Defendants now move to dismiss the case for Plaintiff's failure to prosecute the case and/or for Plaintiff's failure to follow the Court's order to file an amended complaint on or before September 9, 2005.

A defendant may move to have an action dismissed for a plaintiff's failure to prosecute his action or a plaintiff's failure to comply with a court's order. Fed. R. Civ. P. 41(b). However, dismissal with prejudice is of a drastic nature that should only be used in extreme situations. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). As to *pro se* plaintiffs, the court should take appropriate measures to permit the adjudication of potentially meritorious claims on the merits rather than dismiss the claims on technical grounds. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir 1996). Furthermore, a court should not dismiss a case for failure to prosecute without due warning to the plaintiff's counsel or *pro se* plaintiff. *See Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993).

The above history of the case demonstrates that: (1) Plaintiff has been given multiple opportunities to file amended complaints and respond to Defendants' motions to dismiss; (2) the Court regularly granted Plaintiff's repeated motions to extend time; (3) the case was dismissed once for Plaintiff's failure to file an amended complaint as ordered; (4) the case has failed to proceed in a timely manner because of the multiple amended complaints, which fail to comply with Rule 8(a); and (5) the Court gave Plaintiff due warning that his Fourth Amended Complaint could be dismissed with prejudice if he failed to comply with Rule 8(a). However, the Court did not warn Plaintiff that the case could be dismissed with prejudice if he failed to file a Fourth Amended Complaint within the time ordered by the Court. In light of Plaintiff's *pro se* status and the lack of a specific warning of a possible dismissal with prejudice for failure to prosecute the case, dismissal with prejudice is not appropriate at this time. Accordingly, Defendants' Motion to Dismiss is denied.

For the foregoing reasons, Defendants' Motion to Dismiss is denied. Plaintiff is given leave to file a Fourth Amended Complaint within thirty days of this Order, provided Plaintiff can do so consistent with Fed. R. Civ. P. 8 (a) and 11. This is the final extension of time to file an amended complaint. Plaintiff's failure to file the amended complaint within thirty days of this Order may result in dismissal with prejudice for failure to prosecute the case and/or failure to comply with the Court's Orders.

Dated: November 13, 2005

JOHN W. DARRAH
United States District Judge