UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TALMITCH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION; ) | No: 02 C 3957 |
| DEPARTMENT OF JUSTICE; ) | |
| ALBERTO R. GONZALES, U.S. Attorney ) | Judge John W. Darrah |
| General; STEVEN L. POMERANTZ; ) | |
| WILLIAM E. COLOMBELL; ) | |
| JOSEPH C. JACKSON; ) | |
| JONATHAN C. HAILE; DONALD A. FLYNN; ) | |
| ALAN J. MEDINA; and ) | |
| JAMES H. MANN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In June 2002, Plaintiff filed a Complaint, *pro se*. In April 2003, Defendants moved to dismiss Plaintiff's Complaint. In response to Defendants' Motion to Dismiss, Plaintiff sought, and received, leave to file an Amended Complaint by August 28, 2003. On August 26, 2003, Plaintiff moved for an extension of time to file the amended complaint. On August 28, 2003, the Court granted Plaintiff's motion, granting Plaintiff until September 26, 2003, to file the amended complaint. On September 29, 2003, Plaintiff again moved to file the amended complaint *instanter* because of the missed deadline. The Court granted Plaintiff's motion; however, Plaintiff did not file his *pro se* First Amended Complaint until November 2003.

In January 2004, Plaintiff was given leave to file a Second Amended Complaint. In June 2004, Plaintiff filed his Second Amended Complaint, *pro se*. Subsequently, Defendants moved to dismiss the Second Amended Complaint. In October 2004, the Court granted

Defendants' Motion to Dismiss, finding that Plaintiff's Second Amended Complaint failed to comply with Federal Rule of Civil Procedure 8(a). The Court also granted Plaintiff thirty days to file a third amended complaint if he could do so consistent with Fed. R. Civ. P. 11. Plaintiff failed to file a third amended complaint, and the case was dismissed in January 2005.

Plaintiff moved to vacate the January 2005 dismissal and sought leave to file a third amended complaint. In February 2005, Plaintiff filed, *pro se*, his Third Amended Complaint. Defendants again moved to dismiss Plaintiff's Third Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8(a). In April and May 2005, the Court granted Plaintiff's motions for extension of time to respond to Defendants' Motion to Dismiss. In July 2005, the Court granted Defendants' Motion to Dismiss, finding that Plaintiff's Third Amended Complaint still failed to comply with Federal Rule of Civil Procedure 8(a). The Court granted Plaintiff thirty days to file a fourth amended complaint if he could do so consistent with Fed. R. Civ. P. 8(a) and 11. The Court also indicated that Plaintiff's continued failure to comply with Rule 8(a) may result in dismissal of Plaintiff's future amended complaint with prejudice.

In August and September 2005, the Court granted Plaintiff's motions for extension of time to file an amended complaint. Plaintiff was given leave to file the amended complaint on or before September 9, 2005. Plaintiff did not file a fourth amended complaint and did not move for an extension of time to file such a complaint on or before September 9, 2005. On September 23, 2005, Defendants moved to dismiss the case for Plaintiff's failure to prosecute the case and/or for Plaintiff's failure to follow the Court's order to file an amended complaint on or before September 9, 2005. On September 28, 2005, the Court entered a briefing schedule on Defendants' Motion to Dismiss, allowing Plaintiff until November 2, 2005, to file his response brief. On November 4, 2005, Plaintiff moved for an extension of time to file his response brief.

Plaintiff was granted an extension of time to file his response brief; and a status hearing was scheduled for January 19, 2006.

On December 13, 2005, the Court denied Defendants' Motion to Dismiss and gave Plaintiff leave to file a fourth amended complaint. Specifically, the Court ruled:

> Plaintiff is given leave to file a Fourth Amended Complaint within thirty days of this Order, provided Plaintiff can do so consistent with Fed. R. Civ. P. 8 (a) and 11. This is the final extension of time to file an amended complaint. Plaintiff's failure to file the amended complaint within thirty days of this Order may result in dismissal with prejudice for failure to prosecute the case and/or failure to comply with the Court's Orders.

Per the Court's ruling, Plaintiff's Fourth Amended Complaint was to be filed on or before January 12, 2006. Plaintiff did not file a Fourth Amended Complaint on or before January 12, 2006. On January 13, 2006, Plaintiff placed a copy of the Fourth Amended Complaint outside the Courtroom Deputy's office.[1] On January 17, 2006, Plaintiff filed a motion to file his Fourth Amended Complaint, *instanter*. In his motion, Plaintiff contended that he wanted to file the Fourth Amended Complaint on January 12, 2006, via the drop box; but he did not do so because of the large size of the document and the chance that an enclosed DVD disc could be damaged. On January 19, 2006, Plaintiff failed to appear at the status hearing; and his motion for leave to file his Fourth Amended Complaint was denied.

In March 2006, the Court granted Plaintiff's motion to reconsider the denial of his motion for leave to file his Fourth Amended Complaint, giving Plaintiff leave to file his Fourth Amended Complaint. Plaintiff filed a Fourth Amended Complaint, and Defendants moved to dismiss Plaintiff's Fourth Amended Complaint. A briefing schedule was entered on the pending

---

[1]Court was not in session on January 16, 2006, in observance of the Martin Luther King, Jr. holiday.

motion, but Plaintiff failed to timely file a response to Defendants' motion to dismiss; instead, he belatedly filed a motion to extend the time to file a response to the motion. Plaintiff's motion to extend time to file a response was granted. Plaintiff retained counsel and, instead of filing a response to the pending motion, belatedly filed a motion to file a fifth amended complaint. Plaintiff's motion to file a fifth amended complaint was granted. Defendants again moved to dismiss Plaintiff's amended complaint, and a briefing schedule was entered. Plaintiff did not file a response to the motion, and the motion is presently pending.

Defendants move to dismiss Plaintiff's Fifth Amended Complaint for failure to comply with Rule 8(a).

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires that the title of the complaint include the names of all of the parties and that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b), (c). Failure to comply with the pleading requirements of the Federal Rules of Civil Procedure may result in dismissal of the complaint. A complaint that is unintelligible because of lack of clarity may be dismissed under Fed. R. Civ. P. 8(a). *See Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (*Lockheed-Martin*) (affirming dismissal of complaint with prejudice following plaintiff's filing two amended complaints and a more definite statement that failed to make complaint discernable). "Rule 8(a) requires parties to make their pleadings straightforward . . . . Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies, the few allegations that matter." *Lockheed-Martin*, 328 F.3d at 378.

4

Plaintiff's 25-page Fifth Amended Complaint consists of approximately 140 numbered paragraphs, sub-paragraphs, and sub-sub paragraphs. Plaintiff brings six counts: Count I - race discrimination in violation of Title VII; Count II - retaliation in violation of Title VII; Count III - violation of the Freedom of Information Act; Count IV - violation of the Privacy Act; Count V - violation of Plaintiff's First Amendment rights; and Count VI - violation of Plaintiff's Fifth Amendment rights. In the caption and introductory paragraph of the Fifth Amended Complaint, Plaintiff identifies ten defendants by name and includes "et al." With the exception of Count IV, which is brought only against Jonathan Haile, virtually all of the other paragraphs of the Fifth Amended Complaint allege conduct by "defendant" and/or "defendants," and fails to properly identify which of the multiple defendants engaged in the alleged conduct, which dates back to 1991. The Fifth Amended Complaint fails to notify the Defendants (with the exception of Count IV) of the principal events complained of to allow the Defendants to file an answer. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (allegations should be "short and plain" and are sufficient if they notify the defendant of the principal events).

As to Count IV, Plaintiff alleges that Haile violated the Privacy Act, 5 U.S.C. § 552a. Count IV is only pled as to Haile. However, the Privacy Act provides that a civil action may only be brought against an "agency," not an individual. 5 U.S.C. § 552a(g)(1); *Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir. 1983). Thus, Haile, the only identified Defendant in Count IV, must be dismissed. Although on notice (by way of the present motion) of filing Count IV against the wrong Defendant, Plaintiff has not attempted to substitute the correct Defendant. Accordingly, Count IV is also dismissed without prejudice. *See Hughes v. United States*, 710 F.2d 56, 58 (7th Cir. 1982) (affirming the dismissal of claim because Plaintiff failed to name the proper party (the United States) until after the statute of limitations had expired); *Rubio v.*

*United States Dep't of Housing & Urban Development*, 1986 WL 2520 (N.D. Ill. Feb. 7, 1986) (dismissing suit where plaintiff named the wrong defendant and made no attempt to substitute a suitable entity).

In addition, Plaintiff has failed to serve any of the individual Defendants. Based on the allegations in the Fifth Amended Complaint, it is unclear which claims, if any, are brought against which Defendants, if any, in their individual capacities. Pursuant to Federal Rule of Civil Procedure 4(m), service of the complaint and summons is to be made within 120 days after the filing of the complaint. If the 120-day time period is not met, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Furthermore, if the plaintiff cannot show good cause for the defect in service, the court still has discretion to direct that service be effected within a specified time. *See Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

In this case, Plaintiff filed his first Complaint on June 3, 2002. Summons did not issue on the Complaint until February 10, 2003; and Plaintiff has not filed any proof of service. In October 2004, Plaintiff had not yet served the Defendants; and Plaintiff was given thirty days from the filing of the Third Amended Complaint to properly serve the Defendants. Since that time, only the U.S. Attorney General has been served. Plaintiff provides no explanation for the failure to serve the remaining Defendants. Accordingly, the claims against the individual Defendants are dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

Defendants present several additional grounds for dismissal. In light of the above findings, the Court need not address these arguments at this time. However, Plaintiff should take these alleged deficiencies into account if a Sixth Amended Complaint is filed.

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's Fifth Amended Complaint is dismissed without prejudice. Plaintiff is given leave to file a Sixth Amended Complaint within 30 days of this Order, provided Plaintiff can do so consistent with Fed. R. Civ. P. 11. Plaintiff is given thirty days after filing his amended complaint, if any, to properly effect service on all Defendants. Plaintiff's failure to file the amended complaint within thirty days of this Order and to properly serve all Defendants shall result in dismissal with prejudice for failure to prosecute the case and/or failure to comply with the Court's Orders.

Dated: January 3, 2007

JOHN W. DARRAH
United States District Court Judge